IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

ELIZABETH JENKINS,

    Plaintiff,

v.                           Civil Action No. 1:04CV149

THOMAS A. BEDELL, Harrison County Judge;
JAMES HAWKINS, Attorney at Law;
LARRY FRY, Prosecutor for Harrison County;
DEPT. OF CORRECTIONS;
GOV. BOB WISE;
ATTORNEY GEN. OFFICE; and
STATE OF W.VA.,

    Defendants.

## REPORT AND RECOMMENDATION

### I. FACTS

On July 13, 2004, the *pro se* plaintiff, Elizabeth Jenkins, an inmate at the Lakin Correctional Facility for Women in West Columbia, West Virginia, filed a complaint against the above named defendants pursuant to 42 U.S.C. §1983 seeking punitive damages against the defendants in their individual and official capacities for mental and physical anguish for the mistake regarding her sentence which impacted her parole eligibility.

The plaintiff asserts that in November 1995, she pled guilty in the Circuit Court of Harrison County, West Virginia in case numbers 93-F-120-2 and 94-F-73-2 and was sentenced to two consecutive 1-10 years sentences. At some point, the plaintiff filed a state petition for habeas corpus regarding her state convictions. The plaintiff asserts "they fixed their mistake they was actually

misdeamenors." According to the petitioner, in June 2001, she was re-sentenced to one year time served.

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 83.02. Having screened the plaintiff's complaint in accord with the local rules of this Court and in accord with the provisions of 28 U.S.C.§ § 1915(e) and 1915A,[1] the undersigned concludes the facts as the plaintiff alleges are insufficient to sustain a claim and the complaint should be summarily dismissed.

## II. ANALYSIS

A.  **Claims Against the Department of Corrections, Gov. Bob Wise, Office of the Attorney General, and State of West Virginia.**

42 U.S.C. §1983, in pertinent part, states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in

---

[1] 28 U.S.C. §1915A provides, in pertinent part, that:
(a) Screening.–The court shall review...a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
    (B) the action or appeal-
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

equity, or other proper proceeding for redress. . . .

"Neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58,71 (1989). An official-capacity suit against a state officer "is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself." Id.

Additionally, the Eleventh Amendment provides that "nonconsenting States may not be sued by private individuals in federal court." Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 363 (2001). However, the Eleventh Amendment does not bar individual capacity claims. Hafer v. Melo, 502 U.S. 21 (1991).

Thus, the plaintiff's claims against the Department of Corrections, Bob Wise (in his official capacity), the Office of the Attorney General, and State of West Virginia are barred by the Eleventh Amendment and because the State is not a person.

With regard to the plaintiff's individual capacity claim against Governor Wise, such claim should be dismissed for failure to state a claim. In order to establish personal liability against a defendant in a §1983 action, the defendant must be personally involved in the alleged wrong(s); liability cannot be predicated solely under *respondeat superior*. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Vinnedge v. Gibbs, 550 F. 2d 926, 928 (4th Cir. 1977). The plaintiff does not make any allegations whatsoever against Gov. Bob Wise. Thus, the individual capacity claim against Gov. Bob Wise should be dismissed for failure to state a claim.

**B.     Claim Against Thomas Bedell.**

It is unclear from the complaint whether Judge Bedell sentenced the plaintiff in the cases in

question. However, Judge Bedell did deny the plaintiff's "Writ of Mandamus for Civil Suit to be Filed."

Judges who are sued under 42 U.S.C. §1983 are absolutely immune from individual liability in exercising their judicial jurisdiction. Pierson v. Ray, 386 U.S. 547 (1967). "Judicial immunity is immunity from suit, not just the ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). There are two exceptions to the absolute judicial immunity rule - if a judge acts without jurisdiction or has not acted in a judicial manner. Forrester v. White, 484 U.S. 219 (1988); Stump v. Sparkman, 435 U.S. 349, 356 (1978), rehearing denied, 436 U.S. 951 (1978).

The allegations in the plaintiff's complaint deal with incorrect sentencing. There are no allegations in the complaint which indicate Judge Bedell acted without jurisdiction or did not act in a judicial manner. Thus, Judge Bedell is entitled to immunity and the undersigned recommends that the suit against Judge Bedell be dismissed.

## C. Claim Against James Hawkins.

James Hawkins represented the plaintiff in her two state criminal cases. The plaintiff alleges that he told her the cases were felonies when they were not. The claim against Defendant Hawkins should be dismissed because he is not a state actor.

Because the United States Constitution does not regulate private parties a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." See, e.g., Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). "[S]tate action requires both an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible' and that 'the party charged with the deprivation must be a person who may fairly be

4

said to be a state actor." American Manufacturers Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. §1983. Lugar, 457 U.S. at 936.

Moreover, "[a] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Thus, the claim against Defendant Hawkins should be dismissed because he is not a state actor.

**D.     Claim Against Larry Fry.**

The plaintiff does not allege any specific wrongdoing against Defendant Fry. Nonetheless, prosecuting attorneys who are sued under 42 U.S.C. §1983 are absolutely immune from individual liability when performing prosecutorial functions. Imbler v. Pachtman, 424 U.S. 409 (1976); Ostrzenski v. Seigel, 177 F.3d 245 (4th Cir. 1999). For instance, prosecutors are entitled to absolute immunity when seeking extradition of a defendant, Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000), or deciding to prosecute an arrestee. Wadkins v. Arnold, 214 F.3d 535 (4th Cir. 2000).

There is an exception to the absolute prosecutorial immunity rule, however, if the prosecuting attorney acts in the role of administrator or investigative officer, rather than as a prosecutor. Imbler, 424 U.S. at 430. Thus, when a court determines whether a prosecuting attorney is entitled to absolute immunity, it must examine the type of activity performed, not the identity of the individual who performed it. Forrester v. White, 484 U.S. 219, 229 (1988).

There is nothing in the plaintiff's complaint regarding how Defendant Fry violated the plaintiff's constitutional rights. Further, assuming Defendant Fry was involved in the prosecution

5

of the plaintiff's cases, he is entitled to absolute immunity for the claim against him in his individual capacity.

Additionally, the claim against Defendant Fry in his official capacity is a claim against Harrison County. For §1983 purposes, a county is considered a municipal entity. Revene v. Charles County Commissioners, 882 F.2d 870, 874 (4th Cir. 1989). Municipal entities are absolutely immune from punitive damages. City of Newport v. Fact Concerts, 453 U.S. 247 (1981). Additionally, a municipality is not liable under the theory of respondeat superior. Monell v. Department of Social Services, 436 U.S. 658 (1978). In order for a municipal entity to be liable for monetary, declaratory, and injunctive relief under § 1983, the execution of a municipal policy or custom must be "the moving force for the violation of constitutional rights." Id.

"Plaintiffs seeking to impose liability on a municipality under §1983 must, therefore, adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that the policy proximately caused the deprivation of their rights." Semple v. City of Moundsville, 195 F.3d 708, 712 (4th Cir. 1999)(quoting Jordan by Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994)). The plaintiff has not pled that any policy of Harrison County was involved with the alleged wrongdoing. Consequently, the official capacity complaint against Defendant Fry should be dismissed.

## III. **RECOMMENDATION**

In consideration of the foregoing, it is recommended that the plaintiff's §1983 complaint against the defendants be Dismissed with Prejudice pursuant to 28 U.S.C. §§1915 and 1915(A).

Any party may file within ten (10) days of the date of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections

6

are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff.

DATED: February 16, 2005

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE