```
          IN THE UNITED STATES DISTRICT COURT FOR THE
               NORTHERN DISTRICT OF WEST VIRGINIA
```

**ELIZABETH JENKINS,**

      **Plaintiff,**

v.                                        Civil Action No. 1:04CV149

**THOMAS A. BEDELL, Harrison County Judge;**
**JAMES HAWKINS, Attorney at Law;**
**LARRY FRY, Prosecutor for Harrison County;**
**DEPT. OF CORRECTIONS;**
**GOV. BOB WISE;**
**ATTORNEY GEN. OFFICE; and**
**STATE OF W.VA.,**

      **Defendants.**

### ORDER ADOPTING-IN-PART AND AFFIRMING-IN-PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING CASE

On July 13, 2004, the *pro se* plaintiff, Elizabeth Jenkins, an inmate at the Lakin Correctional Facility for Women in West Columbia, West Virginia, filed a civil rights complaint against the above named defendants pursuant to 42 U.S.C. §1983. Jenkins alleges that sometime in 1995 she was mistakenly convicted and sentenced in the Circuit Court of Harrison County, West Virginia, on two felony counts that were, in fact, misdemeanors. Further, she asserts that officials later learned of the mistake, and, in June, 2001, resentenced Jenkins to one year time served. Jenkins seeks to recover "punitive" damages against the defendants in both

**Jenkins v. Bedell, et. al.**                                          **1:04CV149**

**ORDER ADOPTING-IN-PART AND AFFIRMING-IN-PART THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING CASE**

their individual and official capacities for the mental and physical anguish she endured as a result of the mistake.

### I. Magistrate Judge's Report and Recommendation

By standing order, the Court referred this case to United States Magistrate Judge John S. Kaull for initial review and a Report and Recommendation (R&R). On February 17, 2005, Magistrate Judge Kaull entered an R&R recommending that Jenkins § 1983 complaint be dismissed with prejudice. In short, the magistrate judge concluded that:

• Jenkins's claims against the Department of Corrections, Governor Bob Wise in his official capacity, the Office of the Attorney General, and the State of West Virginia should be dismissed because "[n]either a State nor its officials acting in their official capacities are 'persons' under § 1983," Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989), and because the Eleventh Amendment to the United States Constitution bars suit by private individuals against nonconsenting States in federal court, Bd. of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 363 (2001);

• Jenkins's claim against Governor Bob Wise in his individual capacity should be dismissed for failure to state a claim because Jenkins makes no allegations against Governor Wise in her complaint;

• Jenkins's claims against Judge Thomas Bedell should be dismissed because he is absolutely immune from suit for claims based on his exercise of judicial jurisdiction, Pierson v. Ray 386 U.S. 547 (1967), and because none of the exceptions to that immunity are present in this case;

**Jenkins v. Bedell, et. al.**                                     **1:04CV149**

**ORDER ADOPTING-IN-PART AND AFFIRMING-IN-PART THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING CASE**

- Jenkins's claim against James Hawkins, the attorney who represented Jenkins in her two state criminal cases, should be dismissed because Hawkins is not a state actor subject to suit under § 1983, Polk County v. Dodson, 454 U.S. 312, 325 (1981);

- Jenkins's claims against Larry Fry, the prosecuting attorney involved in Jenkins's two state criminal case, in his individual capacity should be dismissed because he is absolutely immune from individual liability when performing prosecutorial functions, Imbler v. Pachtman, 424 U.S. 409 (1976), and there are no allegations that Fry violated Jenkins's constitutional rights in the complaint; and

- Jenkins's claims against Larry Fry in his official capacity constitute claims against Harrison County, a municipal entity, and should be dismissed because Jenkins has not adequately pled the existence of a municipal policy that proximately caused the deprivation of any constitutional right, Semple v. City of Moundsville, 195 F.3d 708, 712 (4th Cir. 1999).

### II. Jenkins's Objections

The R&R informed Jenkins that failure to object to the magistrate judge's recommendations would result in the waiver of her appellate rights on those issues. On February 28, 2005, Jenkins filed objections to the R&R, objecting only to the magistrate judge's recommendation that her claims against Judge Bedell be dismissed. The Court is not obligated to conduct a *de novo* review of the remainder of the claims in her § 1983 complaint. Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997). Accordingly, it **ADOPTS** the magistrate judge's R&R and **DISMISSES WITH PREJUDICE**

**ORDER ADOPTING-IN-PART AND AFFIRMING-IN-PART THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING CASE**

Jenkins's claims against the Department of Corrections, former Governor Bob Wise in both his individual and former official capacity, the Office of the Attorney General, the State of West Virginia, James Hawkins, and Larry Fry.

### III. Remaining Claims

In her objections, Jenkins states that Judge Bedell imposed the mistaken sentence on her, denied her petition for writ of mandamus, and denied her motion for appointment of counsel. Beyond those factual assertions, however, Jenkins does not contest Magistrate Judge Kaull's finding that judicial immunity insulates Judge Bedell from suit relating to the exercise of the circuit court's jurisdiction over Jenkins.

The United States Supreme Court has held that 42 U.S.C. § 1983's mandate that "every person" who acts under color of law to deprive another of their civil rights does not abrogate the deeply rooted principle of judicial immunity. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). Moreover, "[j]udicial immunity is immunity from suit, not just the ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). Not all acts performed by judges, however, give rise to the protection of judicial immunity. Indeed, "immunity is justified and defined by the *functions* it protects and

serves, not by the person to whom it attaches." Forrester v. White, 484 U.S. 219, 227 (1988). Accordingly, whether judicial immunity applies depends on whether a judge is acting in a judicial capacity as opposed to "the administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform." Id.

In this case, the acts complained of Judge Bedell's imposition of sentence on Jenkins and his denial of both her petition for writ of mandamus and motion for appointment of counsel are clearly judicial acts performed within the circuit court's jurisdiction and Judge Bedell's judicial discretion. Thus, the doctrine of judicial immunity applies to insulate Judge Bedell from suit under § 1983. The Court, therefore, **AFFIRMS** Magistrate Judge Kaull's R&R on this ground and **DISMISSES WITH PREJUDICE** Jenkins's claims against Judge Thomas Bedell.

### IV. Other Matters

In her objections to the R&R, Jenkins makes a renewed request for the appointment of counsel. The magistrate judge has already denied Jenkins's prior motion for appointment of counsel, finding that she has failed to show a particular need or exceptional circumstance sufficient to demonstrate that her current

circumstances "require the appointment of counsel for her to pursue a cause of action under 42 U.S.C. § 1983." (Doc. No. 10 at 1-2.) In accord with the magistrate judge's prior ruling, and given its analysis above, the Court **DENIES** Jenkins's renewed request for counsel.

## V. Conclusion

For the foregoing reasons, the Court **ADOPTS-IN-PART** and **AFFIRMS-IN-PART** Magistrate Judge Kaull's Report and Recommendation and **DISMISSES WITH PREJUDICE** this case from the Court's docket.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the <u>pro se</u> plaintiff, certified mail, return receipt requested, and transmit a copy of this Order to all appropriate agencies.

Dated: May 30, 2007.

/s/ Irene M. Keeley<br>
IRENE M. KEELEY<br>
UNITED STATES DISTRICT JUDGE